**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:17-CR00234 RLW/DDN |
| ) | |
| v. ) | |
| ) | |
| SADDAM MUTAN (4), ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SADDAM MUTAN'S MOTION TO DISMISS COUNTS 14, 28, 29, 37, AND 68-84 OF THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE**

1.  Defendant Saddam Mutan is charged in Count 14 of the indictment with conspiracy to commit money laundering as defined in 18 U.S.C. § 1956(a)(1) in violation of § 1956(h), and Counts 28, 29, 37 and 68-84 with money laundering.

2.  To be sufficient, an indictment must "contain the elements of the offense charged." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

3.  Conspiracy to launder money requires that the government allege and prove that the defendant "agreed with another person to violate the substantive portions of the money laundering statue." *United Sates v. Heid*, 651 F.3d 850, 854 (8th Cir.2011) (quoting *United States v. Hynes*, 467 F.3d 951, 964 (6th Cir.2006).

4.  Concealment money laundering requires that the government prove that the defendant conducted a financial transaction involving proceeds of a **specific unlawful activity**, knowing that said transaction was designed, in whole or in part, to conceal or disguise the nature, location, source of ownership, or control of proceeds of the specified unlawful activity. See Eighth Circuit

Model Criminal Jury Instructions No. 6.18.1956B Money Laundering – Financial Transaction to Conceal the proceeds (18 U.S.C. § 1956(a)(1)(B)(i))(emphasis added).

5.  The "proceeds of specific unlawful activity" referenced in the money laundering statute are funds obtained from prior, separate criminal activity. See *United States v. LaBrunerie*, 914 F.Supp. 340, 341-42(W.D.Mo1995).

**Rebate Checks Are Generated by the Legitimate Purchase of Cigarettes in Missouri, and are Not Proceeds of Contraband Cigarette Trafficking**

6.  As described in the manner and means section of Count 14, the financial transactions at issue concern the deposit of R.J. Reynolds rebate checks into various business bank accounts. (Doc.2, p.16-17).

7.  The relevant question is whether the R.J. Reynolds rebate checks represent proceeds from contraband cigarette trafficking? It is clear they do not.

8.  As referenced in the indictment, the defendants were owners and/or operators of numerous convenience stores located within the Eastern District of Missouri and, as owners and operators, the defendants utilized Sam's Club business memberships to purchase Missouri tax-stamped cigarettes on their respective store's accounts. *Id.*

9.  According to the indictment, the rebate payments were based on the amount of Missouri tax-stamped cigarettes purchased under the respective stores' accounts. *Id.*

10.  "Money laundering statutes were created to reach post-crime transactions aimed at hiding the source of 'ill-gotten gains'." *United States v. LaBruneri*, 914 F.Supp. at 341 (citation omitted).

2

11. While some of the Missouri tax-stamped cigarettes purchased on the stores' accounts may have been sold out-of-state in violation of 18 U.S.C. § 2341(a), the rebates were earned beforehand, and not the proceeds of prior, separate criminal activity as required by § 1956(a)(1). *United Sates v. LaBrunerie*, 914 F.Supp. at 344-47 (money which defendants earmarked to pay as bribes of the official were not "proceeds for purposes of money laundering charges, as money was under control of defendant and co-defendant before the allegedly entered bribery agreement).

12. As alleged in the indictment, the rebates did not come into the defendants' hands as a result of the unlawful transportation, receiving, possession, selling, and distributing of contraband cigarettes. Accordingly, Counts 14, 28, 29, 37, and 68-84 should be dismissed because said counts fail to state an offense.

13. Counts 28 and 29 allege that two R.J. Reynolds rebate checks, dated May 13, 2016 and August 3, 2015, respectively, were the proceeds of contraband cigarette trafficking, and that the deposit of said rebate checks into the Mally Supermarket bank account was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control the proceeds of said specified unlawful activity.

14. The deposits of the R.J. Reynolds rebate checks into the Mally Supermarket bank account described in Counts 28 and 29 were simple and straight forward banking transactions, openly made with no intent to conceal or disguise the nature, locations, source, ownership, or control of the funds, and easily discernable by reviewing the relevant bank statements.

15. Count 37 alleges that an R.J. Reynolds rebate check, dated August 1, 2016, was the proceeds of contraband cigarette trafficking, and that the deposit of said rebate check into the

Mally Supermarket bank account was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control the proceeds of said specified unlawful activity.

16. The deposits of the R.J. Reynolds rebate check into the Mally Supermarket bank account described in Counts 37 was simple and straight forward banking transactions, openly made with no intent to conceal or disguise the nature, locations, source, ownership, or control of the funds, and easily discernable by reviewing the relevant bank statements.

17. Counts 68 through 84 allege that seventeen R.J. Reynolds rebate checks, dated January 31, 2017, January 9, 2017, December 27, 2016, December 9, 2016, November 25, 2016, November 15, 2016, November 1, 2016, October 28, 2016, October 6, 2016, September 22, 2016, September 12, 2016, August 25, 2016, August 11, 2016, July 11, 2016, June 28, 2016, June 14, 2016, and April 4, 2016, respectively, were the proceeds of contraband cigarette trafficking, and that the deposit of said rebate checks into the Mally Supermarket bank account was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control the proceeds of said specified unlawful activity.

18. The deposits of the R.J. Reynolds rebate checks into the Mally Supermarket bank account described in Counts 68 through 84 were simple and straight forward banking transactions, openly made with no intent to conceal or disguise the nature, locations, source, ownership, or control of the funds, and easily discernable by reviewing the relevant bank statements.

19. The mere act of depositing the rebate checks into the Mally Supermarket bank account is insufficient to meet the concealment prong required for a conviction under § 1956(a)(1)(B)(i). See *United States v. Johnson*, 440 F.3d 1286, 1290-94 (11th Cir. 2006)(defendant transferring funds from his own account to his mother's account were simple and straightforward banking transactions, easily discovered through review of defendant's bank accounts, are insufficient to

support a conviction for concealment money laundering). *United States v. Rockelman*, 49 F.3d 418 (8th Cir. 1995)(insufficient evidence of concealment of a financial transaction where defendant did not attempt to disguise his identity or relationship to a purchase made with proceeds acquired through the sale of illegal drugs); *United States v. Carmen,* 186 F.Supp. 3d 657 (E.D.Ky. 2016)(the deposit of money obtained from a fraud perpetrated on merchant vendors into defendant's bank account did not constitute concealment money laundering where defendants conducted all transactions in their names, made no attempt to conceal the purchases, and made no subsequent complex transactions disbursing the funds); see also, *United States v. Jolivet*, 224 F. 3d 9002 (8th Cir. 2000)(mere act of depositing proceeds from insurance fraud into defendant's account did not support defendant's conviction for promotional money laundering).

20. Counts, 14, 28, 29, 37, and 68-84 are subject to dismissal because the facts as pled in the indictment fail to charge an offense, and are insufficient to prove concealment money laundering. See *United States v. Lang*, 732 F.3d 1246 (11th Cir. 2013) (defendant's indictment for violating the federal money structuring statute was insufficient where each count separately alleged that a single check in an amount less than $10,000 was structured, instead of alleging a series of counts each alleging a payment or payments totaling more than $10,000 that were structured into checks of smaller amounts and then cashed); United States v. Olson, 262 F.3d 795, 700-800 (8th Cir. 2001)(factual allegations contained in Count 1 of the indictment were insufficient to support the force or intimidation element of bank robbery).

WHEREFORE, for each and all of the foregoing reasons, defendant Saddam Mutan prays that the Court dismiss Counts 14, 28, 29, 37, 68-84 of the indictment for failure to state an offense.

        BRUNTRAGER & BILLINGS, P.C.

        /s/ Neil J. Bruntrager
        Neil J. Bruntrager #29688
        Attorney for Defendant2
        225 S. Meramec Ave., Suite 1200
        St. Louis, Missouri  63105
        (314) 646-0066

        /s/ Daniel J. Bruntrager
        Daniel J. Bruntrager, #34546
        225 S. Meramec Ave., Suite 1200.
        St. Louis, Missouri  631105
        (314) 646-0066
        (314) 646-0065-facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of May 2019, I hereby certify that a copy of the foregoing **Motion to Dismiss** was filed electronically to be served by operation of the Court's electronic filing system upon all attorneys of record.

        /s/ Neil J. Bruntrager