UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CR 234 RLW |
| | ) | |
| SADDAM MUTAN, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant SADDAM MUTAN, represented by defense counsel NEIL

BRUNTRAGER, and the United States of America (hereinafter "United States" or

"Government"), represented by the Office of the United States Attorney for the Eastern District of

Missouri (hereinafter USAO).  This agreement does not, and is not intended to, bind any

governmental office or agency other than the United States Attorney for the Eastern District of

Missouri.  The Court is not a party to this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure, in exchange

for the defendant's voluntary plea of guilty to Count 1, the Government agrees to dismiss Counts

5-14, 28, 37, 68-84 and also agrees that no further federal prosecution will be brought in this

District relative to the defendant's conspiracy to traffic in contraband cigarettes and launder

money since January 1, 2014, of which the Government is aware at this time.  The parties agree

that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the

result of negotiation and led, in part, to the guilty plea.

The parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea.  The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a).

3. **ELEMENTS:**

As to Count 1, the Defendant admits to knowingly violating Title 18, United States Code, Section 371 (18 United States Code, Section 2342(a)), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(Conspiracy to Traffic in Contraband Cigarettes)

One,   between January 1, 2014 and May 24, 2017, the Defendant reached an agreement with at least one other person to traffic in contraband cigarettes;

Two,   the Defendant voluntarily and intentionally joined the agreement;

Three,  at the time Defendant joined in the agreement, he knew its purpose; and

Four,  while the agreement was in effect, Defendant knowingly committed an overt act in furtherance of the agreement.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial.  These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Cigarettes (in an amount exceeding 10,000) which bear no evidence of payment of applicable state or local cigarette taxes (stamps) where such cigarettes are found are "contraband" cigarettes.  Cigarettes are commonly packaged 20 cigarettes to a pack, 10 packs to

2

a carton; thus one carton contains 200 cigarettes, 50 cartons contain 10,000 cigarettes. During the time of the instant offense, the applicable state tax rate in Illinois was $19.80 per carton of cigarettes, in New Jersey it was $27.00, in Missouri it was $1.70. Thus, there is a significant profit to be made in selling contraband Missouri-taxed cigarettes in the State of Illinois and the State of New Jersey simply by avoiding the state tax.

Defendant supervised the conspiracy to distribute contraband cigarettes. Defendant directed, and at times personally participated in, the purchase of bulk quantities of Missouri tax-stamped cigarettes from area Sam's Clubs on essentially an everyday basis. Purchases were made on Sam's business accounts in the names of convenience stores owned or operated by the Almuttan brothers or their close associates. These cigarettes were temporarily stored at locations controlled by Defendant, such as his residence or Mally's Supermarket. Contraband cigarette traffickers from Illinois and New Jersey, such as co-defendants Najeh Muhana, Fares Muhana, and Naser Abid arranged with Defendant for the cigarette purchases. Most often these contraband cigarette traffickers sent couriers to pick up the cigarettes in exchange for cash, but occasionally did so themselves. Defendant usually oversaw these transactions. Direct proceeds from these sales were by and large reinvested into further cigarette purchases by Defendant.

During the time frame of Defendant's participation in the conspiracy, he was responsible for the distribution of approximately 400,000 cartons of contraband cigarettes, in total, approximately 300,000 to the State of Illinois, 100,000 to the State of New Jersey, leading to a tax loss to Illinois of approximately $5,940,000 and to New Jersey of $2,700,000.

The parties agree that the intended tax loss is more than $3,500,000 and less than $9,500,000. The parties also agree that calculating the actual tax loss in this case is not possible and the parties therefore make no agreement as to the actual tax loss.

3

5. **STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 5 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

6. **U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

a. **Chapter 2 Offense Conduct:**

(1) **Base Offense Level:** The parties agree that the base offense level is 24 as found in Section 2E4.1(a)(2) cross referenced to Section 2T4.1(J) as the tax loss exceeded $3,500,000 but was less than $9,500,000.

b. **Chapter 3 Adjustments:**

(1) **Aggravating Role:** The parties agree that four levels should be added to each count pursuant to Section 3B1.1(b) as defendant was an organizer and the criminal activity involved more than five participants.

(2) **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Section 3E1.1(a) because the defendant has clearly demonstrated acceptance of responsibility. The Government, under the facts known at present, will make a motion at the time of sentencing for an extra one level reduction based on defendant's assistance in the prosecution of his own conduct by the timely notification to the Government of the defendant's intention to plead guilty. If subsequent to the taking of the guilty plea the

Government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may decide not to file such motion, without violating the plea agreement.

    c. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 25.

    d. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    e. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    (1) **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

    (2) **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines analysis agreed to herein, and, after determining a Total Offense Level,

sentences Defendant within or below that range, then, as part of this agreement Defendant hereby waives all rights to appeal all sentencing issues. Similarly, the Government hereby waives all rights to appeal all sentencing issues, provided the Court accepts the plea and sentences Defendant within or above the range of the determined Total Offense Level.

b. **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c. **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   These conditions will be restrictions on the defendant to which the

6

defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The defendant understands that parole has been abolished

d. **Mandatory Special Assessment:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing.  Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

e. **Possibility of Detention:**  The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, costs of incarceration and costs of supervision.  The defendant agrees that any fine imposed by the Court will be due and payable immediately.

The parties agree and jointly recommend that no restitution is due and that restitution is not mandatory in this case pursuant to the Mandatory Victims Restitution Act (18 U.S.C. § 3663A) because a determination of complex issues of fact relating to the amount of any victims' losses would complicate and prolong the sentencing process to such a degree that the burden outweighs the need to provide restitution. Here, determining actual tax loss amounts would complicate and prolong the sentencing process to such a degree that the need to provide restitution to state governments or any other alleged victim, if any is due, would be outweighed by its burden on the sentencing process.

7

Additionally, the parties agree and jointly recommend that no restitution be ordered in this case because of Defendant's agreement to forfeiture as outlined in the following paragraph and the substantial offsets in taxes paid to the State of Missouri and local governments. Defendant acknowledges this restitution agreement does not impact the amount of intended tax loss calculated and admitted to under Section 4 of this Plea Agreement.

g. **Forfeiture:** The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following:  All items listed in the Bill of Particulars for Forfeiture of Property (Doc. #581) except for Items (a), (tt).  The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence.  The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners.  The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

The Government agrees that it will return to the defendant and that it will not pursue forfeiture of the following property that was seized as part of the investigation: The following items listed in the Bill of Particulars for Forfeiture of Property (Doc. #581): (a), (tt) (the "Returned Property"). The defendant releases and forever discharges the United States of America, the Internal Revenue Service, the United States Department of Homeland Security Investigations, the United States Marshals Service, and the departments, representatives, officers,

8

agents, attorneys, and employees of the entities herein above named, of and from any and all civil liabilities, claims or causes of action whatsoever at law or in equity, whether now known or hereafter discovered, including without limitation all civil claims and causes of action arising out of the seizure of the Returned Property.

The defendant knowingly and voluntarily waives any right, title, and interest in all other items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.  The defendant agrees to abandon his  interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice.  By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.  The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

9

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.  The defendant's counsel has explained these rights and the consequences of the waiver of these rights.  The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel.  Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

If defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation.  Defense counsel has advised defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case.  In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.  The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

10

## 11. <u>CONSEQUENCES OF POST-PLEA MISCONDUCT</u>:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. <u>NO RIGHT TO WITHDRAW GUILTY PLEA</u>:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

4/6/22
Date

JOHN J. WARE, #40880MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

4-6-22
Date

SADDAM MUTAN
Defendant

4/6/22
Date

NEIL BRUNTRAGER
Bruntrager and Billings
1735 S. Big Bend Boulevard
St. Louis, Missouri  63117
(314) 646-0066

11